[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a paternity case brought by the Department of Human Resources of the State of Connecticut, which the defendant has moved to dismiss.
In July of 1991, Ms. Linda McLaurin applied for child support services (IV-D services) through the Bureau of Child Support Enforcement in Hartford pursuant to General Statutes 17-578(h) and she paid the $25.00 application fee as required by statute. (Plaintiff's Memorandum of Law, p. 1). Ms. McLaurin requested IV-D services to legally establish the paternity of her son, Quentin McLaurin, and to obtain child support and medical coverage for her son from the putative father/defendant, Kenneth Cox. (Plaintiff's Memorandum of Law, p. 1). After the Bureau of Child Support Enforcement "made initial contact" with the defendant, it referred this matter to the Department of Human Resources in Manchester. (Plaintiff's Memorandum of Law, p. 1). CT Page 8943 On January 21, 1992, Jon M. Alander, the Commissioner of Human Resources of the State of Connecticut (acting by Michael Cole, Supervisor of the Department of Human Resources), brought a paternity petition in Hartford Superior Court, Family Support Magistrate Division, pursuant to General Statutes 46b-162. The petition named Kenneth Cox as the alleged father of Quentin McLaurin. Attached to the paternity petition was an appearance of the Attorney General on behalf of the Commissioner of Human Resources.
Issue
Does the State of Connecticut Statutory scheme which allows a non-AFDC recipient to apply for IV-D services in paternity violate Constitutional Standards of Equal Protection?
Title IV, Part D of the Social Security Act (Title IV-D), codified as 42 U.S.C. § 651 et seq., established a child support enforcement program "[f]or the purpose of enforcing the support obligations owed by absent parents to their children and the spouse (or former spouse) with whom such children are living, locating absent parents, establishing paternity, [and] obtaining child and spousal support. . . ." 42 U.S.C. § 654.
Although the mother in the present case does not receive AFDC benefits, she may apply for the IV-D services. The Social Security Act specifically states that a "State plan for child and spousal support must . . . provide that . . . the child support collection or paternity determination services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the State. . . ." 42 U.S.C. § 654(6)(A). "Because `otherwise eligible' individuals are persons receiving AFDC, . . . an `individual not otherwise eligible' is, by definition, a non-recipient of AFDC." (Emphasis added; citation omitted). Carter v. Morrow,562 F. Sup. 311, 313 (1983). Therefore, "Title IV-D child support services are available to both AFDC and non-AFDC families. . . ." Wehunt v. Ledbetter, 875 F.2d 1558 (11th Circ. 1989). In addition, "[t]he legislative history of Title IV-D reveals Congress' purpose in extending child support enforcement services to non-welfare families." Carter v. Morrow, supra. The Senate Finance Committee expressed that
 [t]he problem of nonsupport is broader than the AFDC rolls and . . . many families might be able to avoid the necessity of CT Page 8944 applying for welfare in the first place if they had adequate assistance in obtaining the support due from absent parents. Accordingly, the Committee bill would require that the procedures adopted for locating absent parents, establishing paternity, and collecting child support be made available to families even if they are not on the welfare rolls.
S.Rep. No. 1356, 93rd Cong., 2d Sess., reprinted in (1974) U.S. Code Cong. Ad. News 8133, 8158. Also, the Senate Finance Committee, in its report on Congress' amendment of the Social Security Act making permanent the 75% federal funding of IV-D services to non-AFDC recipients, emphasized that
 [it] believes that the requirement that every State have a program of child support collection and paternity establishment services for families that are not receiving welfare is an essential component of the child support program. The purpose of the requirement is to assure that abandoned families with children have access to child support services before they are forced to apply for welfare. . . .
S.Rep. No. 336, 96th Cong., 2d Sess. 77-78, reprinted in (1980) U.S. Code Cong. Ad. News 1448, 1526-27. Hence, IV-D services are not limited to AFDC recipients.
The Bureau of Child Support Enforcement (BCSE), which is within the Department of Human Resources, is the IV-D agency for the state of Connecticut, Conn. Dept. Reg. 17-578(1)-1(b). BCSE "shall provide for the development and implementation of all child support services . . . in accordance with the provisions of Title IV-D of the Social Security Act, as amended." General Statutes 17-578(a).
In non-AFDC cases, when the alleged father does not acknowledge paternity, the case is referred to BCSE for establishment of paternity by court action. Conn. Dept. Reg. 17-578(1)-5. In non-AFDC cases, within 10 calendar days of receipt of such referral, BCSE shall refer the case to the Office of the Attorney General. Id. "The attorney general shall . . . [r]epresent the IV-D support cases. . . ." General Statutes 46b-231(t). Therefore, if the mother neglects to file a petition to establish paternity or brings an action on her own to establish paternity but fails to prosecute to final judgment, the state of any town interested in the support of a child born out of wedlock may institute such proceedings or pursue any petition which was commenced CT Page 8945 by the mother. General Statutes 46b-162. "Such petition may be made by the commissioner of human resources, the commissioner of income maintenance or the town welfare administrator on information or belief." Id.
In the present case, the commissioner of human resources, as plaintiff, brought a petition to establish paternity. The Office of the Attorney General, as the legal representative of the Connecticut Department of Human Resources, filed the petition on behalf of the state commissioner of human resources.
The attorney general instituted this action against the named father on behalf of the state, not the mother, pursuant to General Statutes 46b-162. According to the regulations of the Department of Human Resources, "[b]efore any matter is referred to the attorney general, the bureau of child support enforcement shall inform the mother that the attorney general is acting [o]n behalf of the state and the IV-D agency [BCSE] and not the mother of the child." Conn. Dept. Reg. 17-82e-6. Although the mother may benefit incidentally from the paternity action brought by the state, she is not being represented by the attorney general.
The motion to dismiss is denied. The attorney general represents only the interests of the State and, therefore, there is no denial of equal protection as to the father.
Barall, J.